## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------X
                              :
ALEXANDER ROSA                :    Civil No. 3:22CV00865(SALM)
                              :
v.                            :
                              :
ROLLIN COOK, et al.           :    August 2, 2022
                              :
------------------------------X
```

### INITIAL REVIEW ORDER

Self-represented plaintiff Alexander Rosa ("plaintiff") is a sentenced inmate in the custody of the Connecticut Department of Correction ("DOC"), currently housed at the Garner Correctional Institution ("Garner").[1] Plaintiff brings this action pursuant to 42 U.S.C. §1983 against 42 defendants. See Doc. #1 at 1, 2-3. All defendants are sued in their official and individual capacities. See id. at 1.

---

[1] The Court may take judicial notice of matters of public record. See, e.g., Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); United States v. Rivera, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate location information); Ligon v. Doherty, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of state prison website inmate location information). The Court takes judicial notice of the Connecticut DOC website, which reports that plaintiff is a sentenced inmate. See Connecticut State Department of Correction, Inmate Information, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=381946 (last visited July 28, 2022).

## I.   __LEGAL STANDARD__

Under section 1915A of Title 28 of the United States Code, the Court __must__ review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). The Court then must "dismiss the complaint, or any portion of the complaint, if" it "is frivolous or malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). The commands of §1915A "apply to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid the filing fee." Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam). Dismissal under this provision may be with or without prejudice. See Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004).

A civil complaint must include sufficient facts to afford defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. See Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Rather, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

It is well-established that complaints filed by self-

2

represented litigants "'must be construed liberally and
interpreted to raise the strongest arguments that they
suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir.
2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d
471, 474 (2d Cir. 2006)); see also Tracy v. Freshwater, 623 F.3d
90, 101-02 (2d Cir. 2010) (discussing special rules of
solicitude for self-represented litigants). However, even self-
represented parties must comply with Rule 8 and the other rules
of pleading applicable in all federal cases. See Harnage v.
Lightner, 916 F.3d 138, 141 (2d Cir. 2019); see also Wynder v.
McMahon, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic
requirements of Rule 8 apply to self-represented and counseled
plaintiffs alike.").

## II.   **DISCUSSION**

The Complaint, which is handwritten and single spaced, is
twenty pages long, and incredibly difficult to follow. See
generally Doc. #1. The Court will not attempt to parse the
allegations of the Complaint, which are rambling and accusatory,
and cross-reference to other actions filed by plaintiff.

Rule 8 of the Federal Rules of Civil Procedure requires "a
short and plain statement of the claim[,]" Fed. R. Civ. P
8(a)(2), which is "sufficient to give the defendants fair notice
of what the plaintiff's claim is and the grounds upon which it
rests." Jones v. Nat'l Commc'ns and Surveillance Networks, 266

3

F. App'x 31, 32 (2d Cir. 2008) (internal citations and quotation marks omitted). "The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citation and quotation marks omitted). "Complaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system; such complaints must be dismissed." Prezzi v. Berzak, 57 F.R.D. 149, 151 (S.D.N.Y. 1972). In other words, a plaintiff must state clearly the specific legal and factual claims he brings. A civil complaint is not a vehicle for the venting of all of a plaintiff's frustrations.

The allegations of the Complaint are in the form of a stream of consciousness narrative of events stretching from February 2019 through the present. Plaintiff states: "This particular 1983 civil complaint is about excessive force, cruel and unusual punishment, discrimination, and retaliation, and etc." Doc. #1 at 13. The Complaint does not provide defendants with "fair notice of the claims" or "enable [defendants] to answer the complaint and prepare for trial." Strunk v. U.S.

House of Representatives, 68 F. App'x 233, 235 (2d Cir. 2003).
Where, as here, "a complaint does not comply with the
requirement that it be short and plain, the court has the power,
on its own initiative ... to dismiss the complaint." Harnage v.
Lightner, 916 F.3d at 141 (citation and quotation marks
omitted).[2]

Accordingly, the Complaint is **DISMISSED, without prejudice
to re-filing**, for failure to comply with Rule 8 of the Federal
Rules of Civil Procedure.

## III. CONCLUSION AND ORDERS

The Court enters the following orders:

The Complaint is **DISMISSED, without prejudice to re-filing**.

Plaintiff may file an Amended Complaint, if he can assert a
specific claim against one or more specific defendants for
specific relief. Plaintiff is advised that any Amended Complaint
will completely replace the prior complaint in the action. No

---

[2] The Complaint also improperly joins 42 defendants. Federal Rule
of Civil Procedure 20 permits joinder of multiple defendants in
one action only if "they assert any right against them jointly,
severally, or in the alternative with respect to or arising out
of the same transaction, occurrence, or series of transactions
and occurrences; and ... any question of law or fact common to
all defendants will arise in the action." Fed. R. Civ. P.
20(a)(2) (emphasis added). "Misjoinder of unrelated claims
against multiple defendants is a particular concern in prisoner-
initiated cases because of the applicability of the three
strikes and filing fee provisions of the Prison Litigation
Reform Act." Urbanski v. Dep't of Corr., No. 3:18CV01323(VLB),
2019 WL 6683047, at *8 (D. Conn. Dec. 5, 2019).

portion of the original Complaint [Doc. #1] will be incorporated into the Amended Complaint by reference, or considered by the Court. Plaintiff must identify all defendants against whom he asserts his claims in the **caption** of the Amended Complaint, and indicate as to each defendant whether the claims are brought against him or her in his or her official or individual capacity, or both. He must also specifically describe the factual allegations against each defendant in the body of the Amended Complaint.

Any such Amended Complaint must be filed by **September 1, 2022.** Plaintiff is cautioned that any Amended Complaint must comply with the Federal and Local Rules of Civil Procedure, with special attention to Rule 8. **The original Complaint will not be served on any defendant and will have no effect if an Amended Complaint is filed.**

If an Amended Complaint is filed, the Court will review it pursuant to 28 U.S.C. §1915A to determine whether it is sufficient to proceed to service on any defendant. The Court may not grant further leave to amend if the Amended Complaint fails to state a cognizable claim.

If plaintiff changes his address at any time during the litigation of this case, he **MUST** notify the Court. Failure to do so may result in the dismissal of the case. **Plaintiff must give**

**notice of a new mailing address even if he remains incarcerated.**
Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.
It is not enough to just put the new address on a letter without
indicating that it is a new address. If plaintiff has more than
one pending case, he should indicate all the case numbers in the
notification of change of address. Plaintiff should also notify
the defendants or the attorney for the defendants of his new
address.

**Plaintiff shall utilize the Prisoner E-filing Program when
filing documents with the Court.** Plaintiff is advised that the
Program may be used only to file documents with the Court. The
Local Rules provide that discovery materials are not filed with
the court; therefore, discovery requests and responses must be
served on defendants' counsel by regular mail.

Finally, the Court warns plaintiff that the Prison
Litigation Reform Act contains a "three strikes" provision for
inmates, like plaintiff, who seek to proceed in forma pauperis,
without the prepayment of fees or costs:

> In no event shall a prisoner bring a civil action or
> appeal a judgment in a civil action or proceeding [in
> forma pauperis] if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the
> United States that was dismissed on the grounds that it
> is frivolous, malicious, or fails to state a claim upon
> which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. §1915(g). If this action is closed after having been "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," it will count as one of plaintiff's "three strikes." Id. If plaintiff accumulates "three strikes" he will be barred from filing any civil action or appeal without prepaying the full filing fee "unless [he] is under imminent danger of serious physical injury." Id.

It is so ordered at Bridgeport, Connecticut, this 2nd day of August, 2022.

_____/s/_____
Hon. Sarah A. L. Merriam
United States District Judge