# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
-----------------------------X
                             :
ALEXANDER ROSA               :      Civil No. 3:22CV00865(SALM)
                             :
v.                           :
                             :
ROLLIN COOK, et al.          :      October 13, 2022
                             :
-----------------------------X
```

## INITIAL REVIEW ORDER OF AMENDED COMPLAINT [Doc. #24]

Self-represented plaintiff Alexander Rosa ("plaintiff") is a sentenced inmate in the custody of the Connecticut Department of Correction ("DOC"), currently housed at the Garner Correctional Institution ("Garner").[1] Plaintiff originally brought this action pursuant to 42 U.S.C. §1983 against 42 defendants. See Doc. #1 at 1, 2-3.

On August 2, 2022, the Court issued an Initial Review Order ("IRO") of the original Complaint. See Doc. #12. The Court

---

[1] The Court may take judicial notice of matters of public record. See, e.g., Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); United States v. Rivera, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate location information); Ligon v. Doherty, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of state prison website inmate location information). The Court takes judicial notice of the Connecticut DOC website, which reports that plaintiff is a sentenced inmate held at Garner. See Connecticut State Department of Correction, Inmate Information, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=3 81946 (last visited October 4, 2022).

dismissed the original Complaint, without prejudice to re-filing, for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. See generally Doc. #12. The Court afforded plaintiff one opportunity to file an Amended Complaint to address the deficiencies identified in the IRO. See id. at 5-6.

On August 22, 2022, plaintiff filed the Amended Complaint. See Doc. #18-1.[2] The Amended Complaint again names 42 defendants, including twenty officer John Doe defendants and two nurse Jane Doe defendants. See Doc. #24 at 1-4. Plaintiff sues defendants "for monetary damages in their individual capacities," and "for injunctive relief in their official capacities." Id. at 1.

## I.    **LEGAL STANDARD**

Pursuant to 28 U.S.C. §1915A, the Court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). The Court is directed to dismiss any portion of the operative complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a

_____

[2] The Amended Complaint was attached to a "Motion to Accept Amended Complaint[.]" Doc. #18 at 1. On September 21, 2022, the Court entered an order terminating that motion, and directed the Clerk of the Court to separately file the Amended Complaint. See Doc. #23. All citations to the Amended Complaint will hereinafter refer to the separately filed pleading located at document number 24.

defendant who is immune from such relief. See 28 U.S.C. §1915A(b). In a case such as this one, "[a] district court retains the authority — and indeed the duty — to sua sponte review the pleading sufficiency of [an] amended complaint." Praileau v. Fischer, 930 F. Supp. 2d 383, 389 (N.D.N.Y. 2013).

Although detailed allegations are not required, a complaint must include sufficient facts to afford a defendant fair notice of the claims and demonstrate a right to relief. See Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

It is well-established that complaints filed by self-represented litigants "'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)); see also Tracy v. Freshwater, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for self-represented litigants). However, even self-represented parties must comply with Rule 8 and the other rules of pleading applicable in all federal cases. See Harnage v. Lightner, 916 F.3d 138, 141 (2d Cir. 2019); see also Wynder v.

<u>McMahon</u>, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.").

## II. <u>**ALLEGATIONS OF THE AMENDED COMPLAINT**</u>

The Court accepts the well-pleaded allegations of the Amended Complaint [Doc. #24] as true for purposes of this initial review.[3]

On July 27, 2019, plaintiff received three "offenses [for] demanding pain reliever[,] which were 'threats' and 'interfering with safety and security[.]'" Doc. #24 at 5. On July 28, 2019, plaintiff received two "more offenses [for] demanding pain reliever[,] which were 'threats' and 'interfering with safety and security[.]'" <u>Id.</u> Plaintiff alleges: "I was misbehaving instead of placing me on a mental health status for mental health purposes Defendant Lieutenant H. Angelakopoulos and Defendant Lt. Radkovich placed me on in-cell status on 7/28/19 ... without mental health clearing me for in-cell status." <u>Id.</u> (sic).[4] Plaintiff alleges that Lieutenants Rule, Radkovich, and

---

[3] The allegations of the Amended Complaint appear to relate to when plaintiff was housed at the MacDougall-Walker Correctional Institution. <u>Compare</u> Doc. #1, <u>with</u> Doc. #24.

[4] Based on other allegations in the Amended Complaint, the Court construes plaintiff's references to "in-cell status" as placement on in-cell <u>restraint</u> status. <u>See, e.g.,</u> Doc. #24 at 5-6 (referencing restraint check).

F. French, each conducted "12 hour" "restraint check[s]" and
"failed to allow mental health to clear [plaintiff] for in-cell
status." Id.

While on in-cell restraint status plaintiff asked for
"toilet paper, handsoap, toothpaste & toothbrush ... for ... 60+
hours" but Lieutenants Rule, Radkovich, and F. French denied
these requests. Doc. #24 at 5 (sic); see also id. at 6.
Plaintiff also asked each of the twenty John Doe officers, "who
signed the restraint checklist every 15 minutes ... for toilet
paper, handsoap, toothbrush & toothpaste[,]" but "these John
Does failed to provide the necessities of life." Id. at 6 (sic).
Plaintiff was also denied a spoon. See id. at 5-6. Plaintiff
alleges: "I had to eat with soiled hands of urine and defacation
I had to wipe my buttocks barehanded ... I had to eat with my
fingers and hands ... I smelled feces and urination as I was
feeding myself I threw up 3 times all over myself and the
floor." Id. at 6 (sic).

While plaintiff was on in-cell restraint status, he "had
horrible pain ... but medical did not want to give [him] pain
reliever[.]" Id. at 7. Plaintiff alleges: "I have requested pain
reliever for 60+ hours while I was on in-cell status placement I
was denied pain reliever from all medical staff I requested pain
reliever from Defendant Nurse Gloria, Defendant Nurse E. Heap,

Defendant Nurse Michelle Biela, Defendant Nurse Santoro,
Defendant Nurse Jane Doe 1, Defendant Nurse Jane Doe 2,
Defendant Nurse J. Burns, Defendant Nurse H. Mushi[.]" Id.
(sic). Plaintiff alleges that "these nurses were responsible for
not giving [him] pain reliever for the entire 60+ hours of in-
cell status placement." Id.

    While on in-cell status placement, plaintiff "had sleep
deprivation, anxiety, depression and [he] was hallucinating[.]"
Doc. #24 at 7. Plaintiff "only slept 6 hours in 2 hours
intervals out of the 60+ hours of in-cell status[.]" Id. (sic).
Plaintiff "requested to speak to defendant Marva Malone-Lyles
LCSW who watched [plaintiff] escape from in-cell status
restraints[.]" Id. Plaintiff asked Malone-Lyles "to remove [him]
from in-cell status and to place [him] on mental health status."
Id. Plaintiff also "demanded pain reliever and to see medical"
and told Malone-Lyles that he is "mentally ill and my mental
health status has contributed to the 5 offenses[.]" Id.
Plaintiff alleges that Malone-Lyles "refused to help me and told
Lieutenants I escaped from in-cell status restraints" after
which plaintiff was "immediately ... placed back on in-cell
status restraints." Id. (sic).

    Plaintiff then saw "another mental health professional[,]"
William J. Gilland, LCSW. Doc. #24 at 7. Plaintiff asked Gilland

"to remove me from in cell status placement" and told Gilland that his "mental health has contributed to the 5 offenses[.]" Id. (sic). Gilland told plaintiff that he "seem[ed] normal" and "refused to help" him. Id. at 8.

> Plaintiff alleges:
>
> I was desperate to come out of in cell status my mouth was dry I stop eatting due to the unsanitary conditions I couldn't drink water because it was hard to do. I was exhausted. I then spoke with defendant Captain Claudio, defendants Deputy Warden Roach and Snyder, and defendant Warden Barone, to get me out of in cell status and I told them I'm mentally ill and that my mental health has contributed to committing the 5 offenses. They told me in quote "Mr. Rosa you need to speak to a mental health proffessional"

Id. (sic).

On August 14, 2019, fifteen days after he was placed on in-cell status, plaintiff was transferred to Garner Correctional Institution. See id. "Defendant Doctor Joseph C. Coleman did not clear [plaintiff's] 5 offenses meaning that [plaintiff] will be unable to challenge the offenses in a disciplinary proceeding." Id.

Plaintiff alleges: "Defendant William Mulligan, defendant Warden Barone, defendant Deputy Warden Roach, and defendant Captain Limmer all signed over to allow me to do in-cell status without mental health clearing me for in-cell status these defendant were all personally involved by signing paperwork to

7

allow me to do in cell status without mental health clearing me
for in cell status placement." Doc. #24 at 8 (sic).

    Plaintiff does not assert any specific legal claims against
any defendant. See id. at 9. Plaintiff states: "I'm sure there
was deliberate indiffrence towards my mental health needs and
I'm sure they knew of not giving me the necessities of life
their were deliberate indifference to refusing to give me pain
reliever for the entire 60 hours of in cell." Id. (sic).
Plaintiff also "feel[s] D.O.C. officials might have retaliated
against me for filing a PREA claim on 7/2/19 against D.O.C.
officials it might be relation on why Lieutenants were
retalliating against me." Id. (sic). Plaintiff requests
declaratory, injunctive, and monetary relief. See id. at 10-13.[5]

## III. DISCUSSION

    Liberally construing the allegations of the Amended
Complaint, plaintiff appears to assert the following categories
of claims: (1) deliberate indifference to serious medical needs
in violation of the Eighth Amendment as related to plaintiff's
mental health needs; (2) deliberate indifference to serious
medical needs in violation of the Eighth Amendment as related to

---

[5] There are no factual allegations to support the assertion of a
retaliation claim against any defendant. Accordingly, the Court
does not construe the Amended Complaint as asserting any claims
for retaliation.

plaintiff's requests for pain reliever; and (3) unconstitutional conditions of confinement in violation of the Eighth Amendment. The Court considers each in turn.

A.   Deliberate Indifference to "Mental Health Needs"

Plaintiff asserts that both DOC custody and medical personnel were deliberately indifferent to his "mental health needs[.]" Doc. #24 at 9. The Court addresses these allegations separately as against: (1) the lieutenant defendants; (2) the medical defendants; and (3) the supervisory defendants.

1.   Applicable Law

The Supreme Court has held that

deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under §1983.

Estelle v. Gamble, 429 U.S. 97, 104-05 (citations, quotation marks, and footnotes omitted). "[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citations and quotation marks omitted).

> A deliberate indifference claim has two elements. The
> first, which is objective, requires the inmate to show
> that he was actually deprived of adequate medical care
> by an official's failure to take reasonable measures in
> response to a sufficiently serious medical condition.
> The second element, which is subjective, requires the
> inmate to demonstrate that the official acted with a
> culpable state of mind of subjective recklessness, such
> that the official knew of and consciously disregarded an
> excessive risk to inmate health or safety. Mere
> allegations of negligent malpractice do not state a
> claim of deliberate indifference.

Thomas v. Wolf, 832 F. App'x 90, 92 (2d Cir. 2020) (citations
and quotation marks omitted). In sum, an inmate bringing a
deliberate indifference claim must show an objectively serious
deprivation of medical care, and a "sufficiently culpable state
of mind." Morgan v. Dzurenda, 956 F.3d 84, 89 (2d Cir. 2020)
(citation and quotation marks omitted).

Under the objective prong, the inmate's medical need or
condition must be "a serious one." Brock v. Wright, 315 F.3d
158, 162 (2d Cir. 2003). "A condition of urgency, one that may
produce death, degeneration, or extreme pain must exist." Nails
v. Laplante, 596 F. Supp. 2d 475, 480 (D. Conn. 2009) (citation
and quotation marks omitted). The Second Circuit has identified
a number of factors relevant to the question of seriousness,
including "whether a reasonable doctor or patient would find it
important and worthy of comment, whether the condition
significantly affects an individual's daily activities, and
whether it causes chronic and substantial pain." Young v.

Choinski, 15 F. Supp. 3d 172, 182 (D. Conn. 2014) (citations and quotation marks omitted). A court may also consider whether the denial of medical care results in further injury or significant pain. See id.

Under the subjective prong, a defendant "must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his or her actions or inactions." Nails, 596 F. Supp. 2d at 480. "Mere negligence will not support a section 1983 claim; the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law. Thus, not every lapse in prison medical care will rise to the level of a constitutional violation; rather, the conduct complained of must shock the conscience or constitute a barbarous act." Pimentel v. Deboo, 411 F. Supp. 2d 118, 128 (D. Conn. 2006) (citations and quotation marks omitted).

### 2. Lieutenant Defendants

Plaintiff alleges that Lieutenants Angelakopoulos, Radkovich, Rule, and F. French "failed to allow mental health to clear [plaintiff] for in-cell status." Doc. #24 at 5. The Court construes the Amended Complaint as alleging that these defendants did not comply with applicable policies for placing plaintiff on in-cell restraint status. These allegations are

11

insufficient to state a violation of plaintiff's constitutional rights.

Administrative Directive 9.4 provides that "[a] health services professional shall make a mental health assessment within 24 hours of an inmate's placement on in-cell restraints[.]" Caballero v. Lantz, No. 3:05CV00140(CFD), 2008 WL 638397, at *5 (D. Conn. Mar. 5, 2008) (citation and quotation marks omitted).[6] "[A]llegations that a prison official violated the procedures set forth" in an Administrative Directive or other policy "do not state a claim of a violation of an inmate's constitutional rights." Olivencia v. Pun, No. 3:21CV00739(KAD), 2021 WL 3173137, at *4 (D. Conn. July 27, 2021). Plaintiff does not allege any other way in which these defendants were deliberately indifferent to his mental health needs.

Accordingly, all claims against Lieutenants Angelakopoulos, Radkovich, Rule, and F. French related to the placement of plaintiff on in-cell restraint status are **DISMISSED, without prejudice**.[7] Cf. Alston v. Butkiewicus, No. 3:09CV00207(CSH), 2012

---

[6] See also State of Connecticut Department of Correction, Administrative Directive 9.4, Attachment A3, (June 16, 2021) https://portal.ct.gov/-/media/DOC/Pdf/Ad/ad0904attapdf.pdf. "The Court can take judicial notice of the State of Connecticut Administrative Directives on the Department of Correction's website." Chambers v. Johnpierre, No. 3:14CV01802(VAB), 2016 WL 5745083, at *3 n.4 (D. Conn. Sept. 30, 2016).

[7] Plaintiff does not appear to challenge the reason for his

WL 6093887, at *13 (D. Conn. Dec. 7, 2012) ("[P]laintiff
contends that the defendants violated his right to due process
by failing to comply with correctional administrative directives
regarding his placement on in-cell and four-point restraint
status. Failure to comply with state-created procedures does not
create a protected liberty interest.").

     *3.   Medical Defendants*

     The allegations against defendants Malone-Lyles and Gilland
assert nothing more than plaintiff's disagreement with these
defendants' assessment of plaintiff's mental health status. See
Doc. #24 at 7-8. Although plaintiff alleges that these
defendants "refused to help" him, he does not allege that
Malone-Lyles and Gilland failed to provide him with necessary
mental health treatment. Id. at 8. Rather, plaintiff alleges
that these defendants did not remove him from in-cell restraint
status. These allegations merely assert plaintiff's disagreement
with the medical judgment of Malone-Lyles and Gilland. See id.
"A claim based on an inmate's disagreement with the defendant's
medical judgment as to the proper course of treatment cannot
support a constitutional claim for deliberate indifference."

_____

placement on in-cell restraint status. Plaintiff admits several
times that he was "misbehaving." Doc. #24 at 5; see id. at 8.

Evans v. Barone, No. 3:22CV00074(SALM), 2022 WL 1229020, at *5
(D. Conn. Apr. 26, 2022) (citation and quotation marks omitted).
There are also no allegations that either of these defendants
was involved in the decision to authorize plaintiff's placement
on in-cell restraint status.

Accordingly, plaintiff has "failed to state a claim that
[Malone-Lyles and Gilland were] deliberately indifferent to
his mental health needs when [they] performed an assessment of
his mental health status and found no mental health issues to"
warrant plaintiff's removal from in-cell restraint status.
Baltas v. Erfe, No. 3:19CV01820(MPS), 2020 WL 1915017, at *19
(D. Conn. Apr. 20, 2020). Accordingly, all claims against
Malone-Lyles and Gilland for deliberate indifference to mental
health needs are **DISMISSED, without prejudice.**

As to defendant Dr. Coleman, plaintiff alleges that Dr.
Coleman "did not clear [plaintiff's] 5 offenses meaning that
[plaintiff] will be unable to challenge the offenses in a
disciplinary hearing." Doc. #24 at 8. It is unclear what claim
plaintiff attempts to assert against Dr. Coleman. Ultimately,
plaintiff appears to disagree with Dr. Coleman's assessment of
his mental health status, which "is not an actionable Eighth
Amendment claim for purposes of 42 U.S.C. §1983." McEachin v.
Bek, No. 06CV06453(MAT), 2012 WL 1113584, at *11 (W.D.N.Y. Apr.

14

2, 2012) ("McEachin's mere disagreement with Trapasso's assessment of his mental health status is not an actionable Eighth Amendment claim for purposes of 42 U.S.C. §1983."). Accordingly, all claims against Dr. Coleman for deliberate indifference to mental health needs are **DISMISSED, without prejudice.**

### 4.   Supervisory Defendants

Plaintiff alleges that he "spoke with defendant Captain Claudio, defendants Deputy Warden Roach and Snyder, and defendant Warden Barone, to get me out of in cell status[.]" Doc. #24 at 8 (sic). Plaintiff alleges that he told these defendants that he is "mentally ill and that [his] mental health has contributed to committing the 5 offenses[.]" Id. Plaintiff alleges that these defendants told him: "'Mr. Rosa you need to speak to a mental health proffessional.'" Id. (sic).

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983, as there is no respondeat superior liability in §1983 cases[.]" Komondy v. Gioco, 253 F. Supp. 3d 430, 456 (D. Conn. 2017) (citation and quotation marks omitted). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556

15

U.S. at 676. "An inmate's allegation that he lodged informal complaints with supervisory officials and that they subsequently failed to take corrective action falls short of establishing those officials' personal involvement." Shamel v. Agro, No. 11CV09473(GBD)(HBP), 2013 WL 686681, at *11 (S.D.N.Y. Jan. 28, 2013), report and recommendation adopted, 2013 WL 704162 (Feb. 26, 2013).

The allegations that plaintiff spoke to Captain Claudio, Deputy Wardens Roach and Snyder, and Warden Barone, and that they took no action in response, are insufficient to establish personal involvement for purposes of section 1983. See, e.g., Rosales v. Kikendall, 677 F. Supp. 2d 643, 650 (W.D.N.Y. 2010) (Allegations that plaintiff spoke directly to a supervisory official about harassment he was allegedly receiving from other officers, and that the supervisory official took no action in response, "fail[ed] to show [the supervisory official's] personal involvement in the alleged constitutional violations. Neither [the defendant's] supervisory status nor his alleged failure to respond to plaintiff's complaints is enough to render him liable under §1983."). Accordingly, all claims against defendants Captain Claudio, Deputy Wardens Roach and Snyder, and Warden Barone, related to the continuation of plaintiff on in-cell restraint status are **DISMISSED, without prejudice.**

16

Next, plaintiff alleges: "Defendant William Mulligan, defendant Warden Barone, defendant Deputy Warden Roach, and defendant Captain Limmer all signed over to allow me to do in-cell status without mental health clearing me for in-cell status[.]" Doc. #24 at 8. Like the claims against the lieutenant defendants, these allegations are insufficient to state a claim for violation of plaintiff's constitutional rights because they merely allege that these defendants "violated the procedures set forth" in an Administrative Directive or other policy, which "do[es] not state a claim of a violation of an inmate's constitutional rights." Olivencia, 2021 WL 3173137, at *4; see also Section III.A.2., supra. Accordingly, all claims against Defendants William Mulligan, Deputy Warden Roach, and Captain Limmer related to the placement of plaintiff on in-cell restraint status are **DISMISSED, without prejudice.**

B.   Deliberate Indifference to Serious Medical Needs –
     Pain Reliever

Construing the allegations of the Amended Complaint liberally, plaintiff attempts to assert an Eighth Amendment deliberate indifference to serious medical needs claim against "all medical staff." Doc. #24 at 7. Plaintiff specifically names, however, only the nurse defendants in the allegations of the Amended Complaint. See id. Accordingly, the Court considers whether plaintiff has stated a claim against "Defendant Nurse

17

Gloria, Defendant Nurse E. Heap, Defendant Nurse Michelle Biela,
Defendant Nurse Santoro, Defendant Nurse Jane Doe 1, Defendant
Nurse Jane Doe 2, Defendant Nurse J. Burns, Defendant Nurse H.
Mushi," (the "Nurse Defendants") for deliberate indifference to
plaintiff's serious medical needs as related to the deprivation
of pain medication. Id. (sic).

For purposes of this initial review, the Court assumes,
without deciding, that plaintiff has stated a sufficiently
serious medical condition. See Doc. #24 at 7 ("I had horrible
pain in both shoulders a right broken collarbone and a left
bullet in my left shoulder and a bullet in my right leg femur
bone lodged in my knee joint so I had pain everywhere[.]"
(sic)). However, plaintiff's allegation that the Nurse
Defendants failed to provide him with pain medication for sixty
hours "is insufficient to plausibly allege that these ...
individual defendants acted with deliberate indifference."
Spencer v. Armor Corr. Health Inc., No. 18CV04638(JMA)(ARL),
2022 WL 992566, at *4 (E.D.N.Y. Mar. 31, 2022). Indeed, "there
are no allegations in the complaint that plausibly suggest that
these ... nurses even had the authority to prescribe pain
medication." Id. That each of the eight Nurse Defendants did not
provide plaintiff with pain medication supports a reasonable
inference that the Nurse Defendants did not have the authority

to do so. If "a physician [had] not prescribed pain medication [the] Nurse [Defendants] could not have administered it. Only had it been prescribed would [plaintiff] be able to claim [the Nurse Defendants] w[ere] deliberately indifferent to his medical needs by withholding prescribed medication." <u>Thorne v. Lewis</u>, No. 3:19CV00024(VLB), 2021 WL 4324475, at *4 (D. Conn. Sept. 23, 2021).

There are no allegations that plaintiff had been <u>prescribed</u> pain medication and that the Nurse Defendants withheld it from plaintiff. Accordingly, all claims asserted against the Nurse Defendants for deliberate indifference to plaintiff's serious medical needs as it relates to the deprivation of pain medication are **DISMISSED, without prejudice**.[8]

C.   <u>Conditions of Confinement</u>

Plaintiff alleges that Lieutenants Rule, Radkovich, and F. French, along with John Doe Officers 1-20, failed to provide plaintiff with toilet paper, hand soap, toothpaste, and a toothbrush, for over 60 hours while plaintiff was held on in-cell restraint status. <u>See</u> Doc. #24 at 5-6. The Court construes

---

[8] Plaintiff appears to allege that he also demanded pain reliever from Malone-Lyles, who is a licensed clinical social worker. <u>See</u> Doc. #24 at 7. Any claim against this defendant for deliberate indifference to plaintiff's serious medical needs as it relates to the deprivation of pain medication is **DISMISSED, without prejudice**, for the same reasons stated as to the Nurse Defendants.

these allegations as attempting to assert an Eighth Amendment
claim for unconstitutional conditions of confinement.

An unconstitutional conditions of confinement claim under
the Eighth Amendment has an objective and a subjective element.

> To meet the objective element, an inmate must allege
> that he was incarcerated under conditions that resulted
> in a sufficiently serious deprivation, such as the
> denial of a life necessity or a substantial risk of
> serious harm.
>
> To meet the subjective element, an inmate must allege
> that the defendant prison officials possessed culpable
> intent, that is, the officials knew that he faced a
> substantial risk to his health or safety and disregarded
> that risk by failing to take corrective action. Thus, an
> allegation of mere negligent conduct is insufficient.
> Rather, the subjective element requires that a plaintiff
> allege that prison officials acted with a mental state
> equivalent to subjective recklessness, as the term is
> used in criminal law.

Abernathy v. Comm'r of Corr., No. 3:20CV00628(VAB), 2021 WL
1240018, at *4 (D. Conn. Apr. 2, 2021) (citations and quotation
marks omitted).

"The Eighth Amendment does not mandate comfortable prisons,
but prisons nevertheless must provide humane conditions of
confinement[.]" Willey v. Kirkpatrick, 801 F.3d 51, 66 (2d Cir.
2015) (citations and quotation marks omitted); see also Rhodes
v. Chapman, 452 U.S. 337, 347 (1981) (To satisfy the objective
component of an Eighth Amendment claim, a prisoner must
demonstrate that his conditions of confinement alone or in
combination resulted in "unquestioned and serious deprivations

of basic human needs" or a deprivation "of the minimal civilized measures of life's necessities."). "Under the Eighth Amendment, sentenced prisoners are entitled only to adequate food, clothing, shelter, sanitation, medical care and personal safety." Waring v. Meachum, 175 F. Supp. 2d 230, 238 (D. Conn. 2001) (citations and quotation marks omitted).

The Second Circuit has "recognized that deprivation of toiletries, and especially toilet paper, can rise to the level of unconstitutional conditions of confinement[.]" Trammell v. Keane, 338 F.3d 155, 165 (2d Cir. 2003). "Indeed, unsanitary conditions lasting for mere days may constitute an Eighth Amendment violation. ... Availability of hygienic materials is particularly important in the context of otherwise unsanitary living conditions." Walker v. Schult, 717 F.3d 119, 127 (2d Cir. 2013). **At this time, the allegations of the Amended Complaint are sufficient to proceed for further development of the record as to the claim of unconstitutional conditions of confinement against Lieutenants Rule, Radkovich, and F. French**. See, e.g., Cosme v. Faucher, No. 3:21CV01341(MPS), 2021 WL 5111863, at *4 (D. Conn. Nov. 3, 2021) ("As the plaintiff alleges that he was denied many items necessary for sanitary housing, including toilet paper, for three days, the court will permit the claim to proceed for further development of the record.").

Plaintiff also alleges that he requested from each of the twenty John Doe defendant officers "who signed the restraint checklist every 15 minutes[] ... for toilet paper, handsoap, toothbrush & toothpaste[,]" but that these defendants "failed to provide the necessities of life[.]" Doc. #24 at 6 (sic). Although plaintiff alleges that he requested toiletries from these John Doe defendants, he does not allege that these officer defendants had any authority to provide him with the requested items while plaintiff was held on in-cell status placement. Indeed, the consistency of these defendants' actions raises a reasonable inference that the John Doe defendants did not have the discretion to provide toiletries to an inmate placed on in-cell restraint status. Accordingly, any Eighth Amendment claim asserting unconstitutional conditions of confinement against the Officer John Doe defendants is **DISMISSED, without prejudice.**

D.   Rollin Cook

Plaintiff names former Commissioner of Correction Rollin Cook as a defendant in the caption of the Amended Complaint and in the list of named defendants. See Doc. #24 at 1-2. The body of the Amended Complaint, however, contains no substantive allegations against Cook.

As previously stated, "[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional

22

deprivations is a prerequisite to an award of damages under §1983, as there is no respondeat superior liability in §1983 cases[.]" <u>Komondy</u>, 253 F. Supp. 3d at 456.

> [T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution. The factors necessary to establish a §1983 violation will vary with the constitutional provision at issue because the elements of different constitutional violations vary. The violation must be established against the supervisory official directly.

<u>Tangreti v. Bachmann</u>, 983 F.3d 609, 618 (2d Cir. 2020) (citation and quotation marks omitted); <u>see also</u> <u>Logan v. Graham</u>, No. 9:18CV00291(ML), 2021 WL 4440344, at *4 (N.D.N.Y. Sept. 28, 2021) ("District courts discussing <u>Tangreti</u> agree that the decision invalidated the <u>Colon</u> test and mandates that a plaintiff must establish a violation against the supervisory official directly." (citation and quotation marks omitted)).

Plaintiff has not alleged that defendant Cook personally participated in any alleged constitutional <u>violations</u>. Indeed, there are no allegations at all as to this defendant. Finally, because defendant Cook is no longer the Commissioner of Correction, he does not have the authority to order the injunctive relief requested by plaintiff. Accordingly, all claims asserted against defendant Cook are **DISMISSED, without prejudice**, for lack of personal involvement.

23

E.    Requests for Injunctive and Declaratory Relief

Plaintiff seeks "[a] declaration that the acts and
omissions described [in the Amended Complaint] violated
plaintiff's rights under the constitution and laws of the United
States." Doc. #24 at 10. Plaintiff's request for declaratory
relief is unnecessary. See Kuhns v. Ledger, 202 F. Supp. 3d 433,
443 (S.D.N.Y. 2016) ("Dismissal of a declaratory judgment action
is warranted where the declaratory relief plaintiff seeks is
duplicative of his other causes of action." (citation and
alterations omitted)). Additionally, "[d]eclaratory relief
operates prospectively to enable parties to adjudicate claims
before either side suffers great damages." Orr v. Waterbury
Police Dep't, No. 3:17CV00788(VAB), 2018 WL 780218, at *7 (D.
Conn. Feb. 8, 2018). Plaintiff's request for declaratory relief
is based solely on his past treatment by defendants. Because it
applies to past actions, and is otherwise unnecessary given the
asserted claims, plaintiff's request for declaratory relief is
**DISMISSED, with prejudice.**

Plaintiff also seeks:

A preliminary and permanent injunction ordering
defendants Rollin Cook and William Mulligan to limit the
time limit for in-cell status placement, to place a
protocol for mental health to clear the inmate for in
cell status placement, to give all inmates pain reliever
if requested for in-cell status due to the nature of the
controlling restraints, to give safe hand sanitizer for
inmates that are in cell restraints so he or she can

24

have sanitary and/or cleanse hands for meal times, to make sure all inmate have toilet paper, spoons for meal time, and cups of water ... Because you can not drink water in in-cell status placement nor wash your hands or brush your teeth, and it is difficult to wipe your buttocks after you defacate, to either abolish in-cell status or limit the time of in-cell status placement.

Doc. #24 at 10-11 (sic).[9]

As an initial matter, all claims against defendant Cook have now been dismissed. Accordingly, plaintiff's requests for injunctive relief as to defendant Cook are **DISMISSED, without prejudice.**

The Court further finds that the requested injunctive relief is not warranted against Mulligan in his official capacity. "The PLRA provides that the Court shall not grant any prospective relief unless it finds that 'such relief is narrowly drawn, extends no further than necessary to correct the violation of [the] Federal right, and is the least intrusive means necessary to correct the violation of the federal right.'" Webb v. Goord, 197 F.R.D. 98, 103 (S.D.N.Y. 2000) (quoting 18

---

[9] Although plaintiff claims that all defendants are sued for injunctive relief in their official capacities, the only defendants plaintiff specifically seeks injunctive relief from are Mulligan and Cook. Accordingly, the Court considers the requests for injunctive relief only as to these two defendants. Indeed, "[a] claim for injunctive relief against a defendant in his or her official capacity may proceed only to the extent that the defendant named has the authority to remedy the alleged ongoing constitutional violation." Germano v. Quiros, No. 3:22CV00600(SALM), 2022 WL 3027864, at *8 (D. Conn. Aug. 1, 2022).

U.S.C. §3626(a)(1)(A)). The injunctive relief sought by
plaintiff is overbroad because it "extends ... further than
necessary to correct" the alleged violation of plaintiff's
constitutional rights. Id. Plaintiff seeks injunctive relief
that would require systemic changes across the Department of
Correction. This is not "the least intrusive means necessary to
correct" the alleged violations of plaintiff's constitutional
rights. 18 U.S.C. §3626(a)(1)(A). Indeed, none of the relief
requested is directed to prospective relief of ongoing
violations being suffered by plaintiff himself. Id.
Additionally, the Complaint "does not assert claims regarding
many inmates injured as a result of the absence of the policies
[plaintiff] seeks to impose, which is the subject of his request
for injunctive relief. Thus, his proposed injunctive relief
would not be warranted." Thomas v. Butkiewicus, No.
3:13CV00747(JCH), 2014 WL 6674951, at *4 (D. Conn. Nov. 25,
2014).

Plaintiff's "proposed remedy is far broader than necessary
to correct the alleged violation of his rights." Barrington v.
New York, 806 F. Supp. 2d 730, 750 (S.D.N.Y. 2011); see, e.g.,
id. ("[A] proposed order directing the installation of
securities cameras ... is beyond the narrow scope permitted by
the PLRA[,]" where complaint alleged only that officers

26

assaulted plaintiff.). Accordingly, plaintiff has failed to state sufficient grounds for the injunctive relief sought, which includes systemic changes not directly related to plaintiff's needs. Accordingly, any claims against Mulligan in his official capacity for injunctive relief are **DISMISSED, without prejudice.**

IV.   **CONCLUSION AND ORDERS**

The Court enters the following orders:

The Court finds that this case may proceed to service of process on plaintiff's Eighth Amendment claim for unconstitutional conditions of confinement related to the conditions during plaintiff's placement on in-cell restraint status against **Lieutenants Rule, Radkovich, and F. French** in their individual capacities for monetary damages.

All Eighth Amendment claims for deliberate indifference to serious mental health needs against Lieutenants Angelakopoulos, Radkovich, Rule, and F. French in their individual capacities for monetary damages are **DISMISSED, without prejudice.**

All Eighth Amendment claims for deliberate indifference to serious mental health needs against LCSW Malone-Lyles, LCSW Gilland, and Dr. Coleman for monetary damages in their individual capacities are **DISMISSED, without prejudice.**

All Eighth Amendment claims for deliberate indifference to serious mental health needs against Captain Claudio, Deputy

Warden Roach and Snyder, William Mulligan, Captain Limmer, and Warden Barone for monetary damages in their individual capacities are **DISMISSED, without prejudice.**

All Eighth Amendment claims for deliberate indifference to serious medical needs related to the deprivation of pain reliever against Nurse Gloria, Nurse E. Heap, Nurse Michell Biela, Nurse Santoro, Nurse Jane Doe 1, Nurse Jane Doe 2, Nurse J. Burns, and Nurse H. Mushi for monetary damages their individual capacities are **DISMISSED, without prejudice.**

All Eighth Amendment conditions of confinement claims related to the conditions during plaintiff's placement on in-cell restraint status against all John Doe officers are **DISMISSED, without prejudice.**

All claims asserted against Rollin Cook are **DISMISSED, without prejudice.**

Plaintiff's request for declaratory relief is **DISMISSED, with prejudice.**

Plaintiff's requests for prospective injunctive relief against defendants Mulligan and Cook in their official capacities are **DISMISSED, without prejudice.**

**Plaintiff may respond to this Order in one of two ways:**

**OPTION 1:** Plaintiff may proceed **immediately** to service on defendants **Rule, Radkovich, and F. French,** in their individual

capacities, for damages, on the unconstitutional conditions of confinement claim. If plaintiff selects this option, he shall file a Notice on the docket on or before **November 14, 2022,** informing the Court that he elects to proceed with service as to these remaining defendants. The Court will then immediately begin the effort to serve process on defendants Rule, Radkovich, and F. French in their individual capacities.

      **Or, in the alternative:**

      **OPTION 2:** Plaintiff may file a Second Amended Complaint, correcting the deficiencies identified in this Order. Plaintiff is advised that any Second Amended Complaint will <u>completely</u> replace the prior complaint in the action. No portion of the original Complaint [Doc. #1], or the Amended Complaint [Doc. #24] will be incorporated into the Second Amended Complaint by reference, or considered by the Court. Plaintiff must identify all defendants against whom he asserts his claims in the **<u>caption</u>** of the Second Amended Complaint, and indicate as to each defendant whether the claims are brought against him or her in his or her official or individual capacity, or both. He must also specifically describe the factual allegations against any defendant in the body of the Second Amended Complaint. The Second Amended Complaint may not assert any claim that has already been dismissed **with prejudice.**

Any such Second Amended Complaint must be filed by **November 14, 2022.** Plaintiff is cautioned that any Second Amended Complaint must comply with the Federal and Local Rules of Civil Procedure, with special attention to Rule 8. **The Amended Complaint will not be served on any defendant and will have no effect if a Second  Amended Complaint is filed.**

If a Second Amended Complaint is filed, the Court will review it pursuant to 28 U.S.C. §1915A to determine whether it is sufficient to proceed to service on any defendant. If the Second Amended Complaint asserts claims that the Court has already explained are not cognizable, such claims will be summarily dismissed. **The Court is unlikely to grant further leave to amend if the Second Amended Complaint fails to state a cognizable claim.**

If plaintiff fails to file the Notice or a Second Amended Complaint by **November 14, 2022,** the Court will assume that plaintiff has elected to proceed to service of process only on defendants **Rule, Radkovich, and F. French,** in their individual capacities, for damages, on the unconstitutional conditions of confinement claim.

**The Clerk shall** send a courtesy copy of the Amended Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

30

A detailed case management and scheduling order will be entered after counsel appears for any defendant.

**This Initial Review Order does not preclude the filing of a Motion to Dismiss pursuant to Rule 12**. Defendants are encouraged to carefully evaluate the claims that have been permitted to proceed to service, and respond by Answer or Motion, as appropriate.

If plaintiff changes his address at any time during the litigation of this case, he **MUST** notify the Court. Failure to do so may result in the dismissal of the case. **Plaintiff must give notice of a new mailing address even if he remains incarcerated.** Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify the defendants or the attorney for the defendants of his new address.

**Plaintiff shall utilize the Prisoner E-filing Program when filing documents with the Court.** Plaintiff is advised that the Program may be used only to file documents with the Court. The Local Rules provide that discovery materials are not filed with

the court; therefore, discovery requests and responses must be served on defendants' counsel by regular mail.

It is so ordered at Bridgeport, Connecticut, this 13th day of October, 2022.

_____/s/_____
Hon. Sarah A. L. Merriam
United States Circuit Judge
Sitting by Designation