UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALEXANDER ROSA,
*Plaintiff*,

v.

No. 3:22-cv-865 (JAM)

ROLLIN COOK *et al.*,
*Defendants*.

**SECOND INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C § 1915A**

Plaintiff Alexander Rosa is a prisoner in the custody of the Connecticut Department of Correction ("DOC"). He has filed this action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against numerous DOC employees for violations of his rights under federal law. The Court previously issued an initial review order allowing some of Rosa's claims for unconstitutional conditions of confinement to proceed against certain defendants and dismissing all other claims and all other defendants. Rosa has now filed an amended complaint with some additional facts and adding new defendants.

As set forth below, I will allow some of his claims to proceed against several nurse defendants who are alleged to have denied prescribed pain medication to Rosa for more than 60 hours from July 28 to July 30, 2019. I will otherwise dismiss Rosa's claims against all other defendants for failure to state plausible grounds for relief.

**BACKGROUND**

Rosa's claims arise from his placement on in-cell restraint status at the MacDougall-Walker Correctional Institution for a period of about 60 hours from July 28 to July 30, 2019. He previously filed a complaint in July 2022, which Judge Merriam dismissed for failure to make "a short and plain statement of the claim" as required by Federal Rule of Civil Procedure 8. *See Rosa v. Cook*, 2022 WL 3043642 (D. Conn. 2022).

1

Rosa then filed a first amended complaint against 42 DOC officials alleging various violations of his constitutional rights.[1] Judge Merriam issued a second initial review order that dismissed all the claims except for Rosa's Eighth Amendment claim for unconstitutional conditions of confinement against three defendants—Lieutenants Rule, Radkovich, and F. French—arising from their alleged refusal to provide the plaintiff with toilet paper, hand soap, toothpaste, and a toothbrush while he was on in-cell restraint status. *See Rosa v. Cook*, 2022 WL 7517256 (D. Conn. 2022) ("*Rosa II*").

Rosa subsequently filed this second amended complaint against the same set of defendants with two additions: APRN Viktoriya Stork and Captain Bishop.[2] The following facts are derived from the allegations in the amended complaint and are accepted as true only for the purposes of this ruling.

Rosa entered DOC custody on January 15, 2019.[3] He had recently broken his collar bone and had a bullet in his left shoulder and a bullet in his femur, leaving him in "substantial" pain.[4] He requested and received a prescription for pain reliever.[5]

Rosa was transferred to MacDougall-Walker Correctional Institution, where he again requested pain reliever.[6] That request was denied.[7] At MacDougall-Walker, Rosa suffered from "5 months of sleep deprivation, manic depression, anxiety, hallucinations with extreme pain."[8] On July 27, 2019 in an attempt to obtain medical treatment, he covered his cell window and banged on the door.[9] He received two class A offenses for "threats and interfering with safety

---

[1] Doc. #24.
[2] Doc. #39 at 1.
[3] *Id.* at 5.
[4] *Ibid.*
[5] *Ibid.*
[6] *Ibid.*
[7] *Ibid.*
[8] *Id.* at 6.
[9] *Ibid.*

and security."[10] The next morning Rosa again covered his cell window and banged on the cell door.[11] When Lieutenants Angelakopoulos and Radkovich came in response, he told them that his medical and mental health needs were not being met.[12] Angelakopoulos and Radkovich subsequently decided to place Rosa on in-cell restraint status without first allowing a mental health professional to examine him or reporting his behavior to the shift commander as required by the relevant DOC policies.[13]

While on in-cell restraint status, Rosa requested to have toilet paper, soap, toothpaste, a toothbrush, and a spoon.[14] In contrast to his previous complaint, Rosa now alleges that Angelakopoulos and Radkovich verbally *granted* these requests.[15]

Rosa informed Lieutenants Radkovich, Rule, and F. French that he should have been put on therapeutic restraints and given an injection "to maintain mental health issues."[16] Radkovich, Rule, and F. French told him to speak to a mental health professional but did not report Rosa's behavior to a shift commander or a psychiatrist.[17] Rosa also repeated his requests for toilet paper, soap, a toothbrush, and toothpaste.[18] According to the amended complaint, Radkovich, F. French, and Rule told Rosa that they would tell the block officers to get Rosa those items.[19] Rosa alleges, however, that some twenty John Doe defendants later refused to provide him with any of his requested necessities.[20] Rosa suffered from severe anxiety during this period, and he urinated

---

[10] *Ibid.*
[11] *Ibid.*
[12] *Ibid.*
[13] *Id.* at 7.
[14] *Id.* at 8.
[15] *Compare ibid.* (alleging that "they stated I can have toilet paper, soap, toothpaste & toothbrush along with a spoon [at] meal time"), with Doc. #24 at 5-6 (first amended complaint alleging that the lieutenants "failed to provide" these items and "were well aware of their actions"); *see also Rosa II*, 2022 WL 7517256, at *2 (stating that the lieutenants "denied these requests" for these items).
[16] Doc. #39 at 8.
[17] *Ibid.*
[18] *Ibid.*
[19] *Ibid.*
[20] *Ibid.*

on his hands.[21] Because he did not have access to hand soap or toilet paper, he was forced to wipe his buttocks with his hands and eat with his soiled fingers.[22]

On the afternoon of July 28, 2019, Rosa spoke with Marva Malone-Lyles requesting mental health treatment as well as pain reliever.[23] Malone-Lyles told Rosa that he seemed normal and declined to give him a mental health assessment or other treatment.[24]

While Rosa was on in-cell restraints, he requested pain reliever from Nurses Gloria, E. Heap, Michelle Biela, Santoro, J. Burns, H. Mushi, Jane Doe 1, and Jane Doe 2.[25] All of them denied his requests despite the fact that he had been prescribed ibuprofen by APRN Viktoriya Stork on July 28 in the evening.[26] As a result Rosa suffered "extreme" pain in his collarbone, left shoulder, and right knee.[27]

On July 29, 2019, Rosa also met with LCSW William Gilliand and told him that he suffered from sleep deprivation, manic depression, anxiety, hallucinations, that he was hearing voices, and that he was in extreme pain.[28] Gilliand refused his requests for mental health assessment and treatment and to be put on therapeutic restraints.[29] He also declined to report Rosa's condition to the shift commander or the psychiatrist.[30]

Rosa repeated his grievances to Captain Claudio, Deputy Warden Roach, Deputy Warden Snyder, and Warden Barone, explaining to them that he should have been placed on therapeutic restraints and that he was in extreme pain and had worsening mental health issues.[31] Claudio,

---

[21] *Id.* at 9.
[22] *Ibid.*
[23] *Ibid.*
[24] *Id.* at 9-10.
[25] *Id.* at 10.
[26] *Id.* at 10, 40.
[27] *Ibid.*
[28] *Id.* at 11.
[29] *Ibid.*
[30] *Ibid.*
[31] *Id.* at 11-12.

Roach, Snyder, and Barone all told Rosa to speak with a medical and mental health professional about his concerns.[32]

The complaint additionally alleges that Deputy Warden Snyder, William Mulligan, Captain Bishop, Captain Limmer, Deputy Warden Roach, and Warden Barone all signed off on a shift commander sheet which allowed Rosa to proceed on in-cell restraint placement without a mental health review.[33]

After Rosa was moved off in-cell restraints he continued to complain of discomfort and request pain relievers.[34] But he was again denied medication.[35]

Rosa additionally claims that Dr. Joseph Coleman did not clear the five offenses which led to Rosa being put in in-cell restraints, thereby rendering Rosa unable to challenge those offenses through a disciplinary proceeding.[36] Rosa alleges that Dr. Coleman and the other defendants violated his due process rights by placing him in in-cell restraints rather than therapeutic restraints, not allowing him to challenge his offenses, and chaining him up "like an animal."[37]

## DISCUSSION

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.[38] 28 U.S.C. § 1915A. In reviewing a *pro se* complaint, the Court must assume the truth of the

---

[32] *Id.* at 12.
[33] *Ibid.*
[34] *Id.* at 13.
[35] *Ibid.*
[36] *Ibid.*
[37] *Id.* at 13-14.
[38] Unless otherwise noted, this ruling omits all internal quotation marks, citations, brackets, and other alterations in its quotations and citations of case decisions.

allegations and interpret them liberally to raise the strongest arguments they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).

The Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

### *Placement on in-cell restraint status*

Much of the second amended complaint repeats the same ground as Rosa's first amended complaint. Because Rosa does not allege additional facts sufficient to cure the deficiencies identified in Judge Merriam's previous initial review order, I will decline to allow his reasserted claims to proceed.

Rosa first re-alleges his claims for deliberate indifference to his mental health needs against Lieutenants Angelakopoulos, Radkovich, Rule, and F. French for putting him on in-cell restraint status without first conducting a mental health review in violation of administrative directives.[39] As Judge Merriam previously observed, "allegations that a prison official violated the procedures set forth in an Administrative Directive or other policy do not state a claim of a violation of an inmate's constitutional rights." *Rosa II*, 2022 WL 7517256, at *5. Accordingly, I will dismiss Rosa's claims for deliberate indifference to mental health needs against Angelakopoulos, Radkovich, Rule, and F. French.

---

[39] Doc. #39 at 7, 9.

Rosa also reasserts his claim for deliberate indifference against LCSW Marva Malone-Lyles and William Gilliand for failing to give him appropriate mental health and medical treatment.[40] But these allegations add nothing new to his previous complaint, and a "claim based on an inmate's disagreement . . . as to the proper course of treatment cannot support a constitutional claim for deliberate indifference." *Id.* at *5. So I will also dismiss the Eighth Amendment claims for deliberate indifference as against Malone-Lyles and Gilliand.

Rosa next re-alleges his claims against Captain Claudio, Deputy Wardens Roach and Snyder, and Warden Barone based on their failure to take him off in-cell restraints or report his mental health problems to the shift supervisor.[41] But Rosa's allegation that "he lodged informal complaints with supervisory officials and that they subsequently failed to take corrective action falls short of establishing those officials' personal involvement" as required to establish liability under § 1983. *Id*. at *6. So I will dismiss the claims relating to Rosa's continued in-cell restraints against Claudio, Roach, Snyder, and Barone.

Rosa claims that William Mulligan, Warden Barone, Warden Roach, and Captain Limmer all signed a shift commander overview and notification sheet which allowed Rosa to continue on in-cell restraint status without a mental health evaluation.[42] In his second amended complaint, Rosa also names Deputy Warden Snyder as an official who signed the sheet, and he adds Captain Bishop as an additional defendant arising from his signature on the sheet.[43] Again, these claims show only that these defendants failed to adhere to the procedures set forth in the Administrative Directive for placing an inmate on in-cell restraints. But this does not amount to a "claim of a violation of an inmate's constitutional rights," and so I will dismiss all claims against

---

[40] *Id.* at 9, 11.
[41] *Id.* at 11-12.
[42] *Id.* at 12.
[43] *Ibid.*

Mulligan, Barone, Roach, Limmer, Bishop, and Snyder relating to their signing of the shift sheet. *Id.* at *7.

Finally, Rosa repeats his allegations that Dr. Coleman refused to clear five offenses from Rosa's record, thereby precluding him from challenging the offenses through a disciplinary proceeding and denying him due process.[44] But Judge Merriam previously dismissed an identical claim against Dr. Coleman, reasoning that Rosa's complaint against Dr. Coleman was at its core a disagreement with the assessment of his mental health status, which is not an actionable Eighth Amendment violation. *Id.* at *6. The complaint offers no additional facts that suggest I should reach a different result here, and so I will dismiss all claims against Dr. Coleman.

### *Denial of pain relief medication*

Rosa also reasserts his Eighth Amendment claims against Nurses Gloria, E. Heap, Michelle Biela, Santoro, J. Burns, H. Mushi, Jane Doe 1, and Jane Doe 2 for denying him pain relief medication for more than 60 hours while he was on in-cell restraint status from July 28 to July 30, 2019.[45] Judge Merriam dismissed this claim against the defendant nurses because Rosa did not allege that he had been prescribed pain reliever. *See Rosa II*, 2022 WL 7517256, at *7. Now, however, Rosa alleges that he was prescribed ibuprofen by APRN Viktoriya Stork at 6:35 pm on July 28, 2019.[46] He alleges that the above-named nurse defendants refused his requests for pain medication despite this prescription and despite knowing that he was in severe pain.[47] I am satisfied that these allegations are enough to allow Rosa's Eighth Amendment claims against these defendant nurses to proceed. *See, e.g., Gaffney v. Perelmuter*, 805 F. App'x 53, 57-58 (2d Cir. 2020) (allowing Eighth Amendment claim against dentist arising from complaints of severe

---

[44] *Id.* at 13.
[45] *Id.* at 10.
[46] *Ibid.*
[47] *Id.* at 10-11.

pain ignored by dentist during tooth extraction); *Garcia v. Doe*, 2018 WL 295795, at *3 (D. Conn. 2018) (declining to dismiss Eighth Amendment claim against nurses who allegedly refused to provide prescribed pain medication).

Rosa, however, has not identified the true name of Jane Doe 1 and Jane Doe 2 who are alleged to have denied him prescribed pain medication from July 28 to July 30, 2019. Because the three-year statute of limitations for him to name these defendants has elapsed, I will dismiss Rosa's claims against Jane Doe 1 and Jane Doe 2. *See Moore v. City of Norwalk*, 2018 WL 4568409, at *3 (D. Conn. 2018).

While Rosa additionally claims that he was earlier denied pain reliever from February 16 to July 25, 2019, he does not state that any of the individual defendants were involved in the decision to deny him medication.[48] Therefore, Rosa has not alleged a plausible claim for relief against any of the named defendants with respect to the time period from February 16 to July 25, 2019.

In his amended complaint, Rosa also names as an additional defendant APRN Viktoriya Stork. But Stork did in fact prescribe ibuprofen for Rosa, and the complaint does not allege that Stork refused to provide pain medication to Rosa. Accordingly, I will also dismiss APRN Stork from this action.

### Conditions of confinement

In contrast to the allegations of Rosa's first amended complaint, Rosa now states that Lieutenants Radkovich, Rule, and F. French did grant his requests for toilet paper, soap, toothpaste, and a toothbrush, and told him that they would "tell the block officers to give [him]

---

[48] *Id.* at 5.

these items."[49] Although Rosa alleges that unnamed block officers refused to furnish these items, he does not allege facts to show that this denial was because of the defendant lieutenants.

"[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect." *Pettaway v. Nat'l Recovery Solutions, LLC*, 955 F.3d 299, 303 (2d Cir. 2020). Indeed, the Court advised Rosa that any amended complaint would "<u>completely</u> replace the prior complaint in the action" when it issued its prior order. *See Rosa II*, 2022 WL 7517256, at *11. Therefore, although Judge Merriam's prior order allowed Rosa's claim against the three lieutenants to proceed, I will now dismiss Rosa's claims against Radkovich, Rule, and F. French because the amended complaint does not allege facts to show that any of them were personally responsible for Rosa's lack of essential items.

Rosa also claims that twenty John Doe defendants who signed on to his restraint checklist every 15 minutes all refused his requests for toilet paper, soap, a toothbrush, and toothpaste, as well as a spoon at mealtime.[50] But Rosa has not identified the names of any of these John Doe defendants, and the three-year statute of limitations for him to do so has elapsed. *See Moore*, 2018 WL 4568409, at *3. I will therefore dismiss Rosa's Eighth Amendment claims for unconstitutional conditions of confinement against the twenty John Doe defendants.

### *Supervisory liability against Commissioner Rollin Cook*

Finally, Rosa reasserts his claim against Commissioner Rollin Cook for being "indirectly involved by knowing acquiescence in the unconstitutional behavior of subordinates."[51] But as Judge Merriam previously observed when dismissing Rosa's prior suit against the Commissioner, "there is no special rule for supervisory liability . . . Plaintiff has not alleged that

---

[49] *Id.* at 8.
[50] *Ibid*.
[51] *Id.* at 14.

10

defendant Cook personally participated in any alleged constitutional violations." *Rosa II*, 2022 WL 7517256, at *8 (D. Conn. 2022). Accordingly, I will dismiss Cook from this action.

## CONCLUSION

In accordance with the foregoing analysis, the Court enters the following orders:

1. The following claims against the following defendants may proceed: Rosa's Eighth Amendment claim for deliberate indifference to serious medical needs from July 28 to July 30, 2019 against Nurses Gloria, E. Heap, Michelle Biela, Santoro, J. Burns, and H. Mushi, in their individual capacities only.

2. All other claims and defendants are DISMISSED. Because Rosa has now had two opportunities to amend his complaint, these claims against the other defendants are dismissed with prejudice and without leave to further amend.

3. Within twenty-one (21) days of this Order, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for Nurses Gloria, E. Heap, Michelle Biela, Santoro, J. Burns, and H. Mushi and mail a waiver of service of process request packet to each defendant in his or her individual capacity at his or her current work address. On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of all the requests. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

4. Defendants shall file their response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the defendants choose to file an answer, they shall admit

or deny the allegations and respond to the cognizable claims recited above. This initial review order has been issued *sua sponte* in accordance with 28 U.S.C. § 1915A and is without prejudice to the right of any defendant to seek relief by way of any motion pursuant to Rule 12 of the Federal Rules of Civil Procedure or other pleadings-level relief.

      5. Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within six months (180 days) from the date of this order. Discovery requests need not be filed with the court.

      6. All motions for summary judgment shall be filed within seven months (210 days) from the date of this order.

      7. The discovery deadline is extended to six months (180 days) from the date of this Order. The deadline for summary judgment motions is extended to seven months (210 days) from the date of this Order.

      8. All motions for summary judgment shall be filed within seven months (210 days) from the date of this Order.

      9. If Rosa changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)(2) provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Rosa must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address.

      10. Rosa shall utilize the Prisoner E-Filing Program when filing documents with the Court. He is advised that the Program may be used only to file documents with the Court. As discovery requests are not filed with the Court, the parties must serve discovery requests on each other by regular mail.

It is so ordered.

Dated at New Haven this 17th day of October 2023.

                                                          /s/ *Jeffrey Alker Meyer*
                                                         Jeffrey Alker Meyer
                                                         United States District Judge