# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| ALEXANDER ROSA, | : | |
| *Plaintiff*, | : | |
| | : | No. 3:22-cv-865 (VAB) |
| v. | : | |
| | : | |
| MICHELLE BIELA, SANTORO, E. | : | |
| HEAP, GLORIA, J. BURNS, and H. | : | |
| MUSHI, | : | |
| *Defendants*. | : | |

## RULING AND ORDER ON MOTION FOR SUMMARY JUDGMENT

Alexander Rosa, a sentenced prisoner in the custody of the Connecticut Department of Correction ("DOC"), filed a Complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against numerous DOC employees for violating his rights under federal law.

In the second initial review order, Mr. Rosa was permitted to pursue his Eighth Amendment claim for deliberate indifference to serious medical needs from July 28, 2019, to July 30, 2019, against Nurses Gloria, E. Heap, Michelle Biela, Santoro, J. Burns, and H. Mushi, in their individual capacities. Second IRO, ECF No. 67 at 11. All other claims were dismissed, and all other Defendants were terminated. *See id.*

The Defendants have filed a motion for summary judgment and supporting memorandum (together, "Motion"), ECF Nos. 150–150-1, as well as their Local Rule 56(a)1 statement, ECF No. 150-2, and related exhibits, ECF Nos. 150-4–150-9.

For the following reasons, the motion for summary judgment is **GRANTED**.

## I. BACKGROUND[1]

---

[1] Because Defendants move for summary judgment on the issue of exhaustion alone, the Court recites here only those facts necessary to decide whether Defendants can prevail on the affirmative defense of failure to exhaust administrative remedies.

The relevant facts are taken from Defendants' Local Rule 56(a)1 statement and supporting exhibits.[2] *See* Rule 56(a)1 Stmt., ECF No. 150-2.

Defendants' Local Rule 56(a)1 statement establishes that Mr. Rosa was housed in the restricted housing unit ("RHU") at MacDougall-Walker Correctional Center from July 28, 2019, to July 30, 2019. ECF No. 150-2 ¶¶ 1–2. During those three days in the RHU, Mr. Rosa wore in-cell restraints that he claims caused him pain. *Id.* ¶¶ 3–4. Mr. Rosa alleged that Defendants denied him prescribed pain relief while in the RHU. *Id.* ¶ 5.

In the three months after Mr. Rosa was released from the RHU, he filed two Heath Services Review ("HSR") requests. *Id.* ¶ 6. Mr. Rosa's first HSR request, dated August 21, 2019, "referenced the failure to follow the recommendation made by a UConn doctor on August 16, 2019." *Id.* ¶ 8. Mr. Rosa's second HSR request, dated September 11, 2019, "mentioned denial of pain relief generally, but nothing specific to denial of pain medication

---

[2] Local Rule 56(a)1 requires a party moving for summary judgment to submit "a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." D. Conn. L. Civ. R. 56(a)1. Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 statement corresponding to the Local Rule 56(a)1 statement and indicating whether the opposing party admits or denies the material facts set forth by the moving party. D. Conn. L. Civ. R. 56(a)2. Despite Defendants informing Mr. Rosa of this requirement, *see* ECF No. 150-3 ("Notice to Self-Represented Litigant Concerning Motion For Summary Judgment As Required by Local Rule of Civil Procedure 56(b)"), Mr. Rosa did not submit a Local Rule 56(a)2 statement.

Mr. Rosa is "not excused from complying with court rules" merely because he is self-represented. *Sentementes v. Quinn*, No. 3:21-CV-453 (MPS), 2022 WL 2834607, at *1 n.2 (D. Conn. July 20, 2022) (citing *Triestman v. Federal Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) ("pro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law'" (quotation omitted))). Because Mr. Rosa has not filed a Local Rule 56(a)2 statement, Defendants' facts contained in their Local Rule 56(a)1 statement, where supported by evidence of record, will be deemed admitted. *See* D. Conn. L. Civ. R. 56(a)3 ("Failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming admitted certain facts that are supported by the evidence in accordance with Local Rule 56(a)1[.]").

while restrained July 27 through July 30, 2019." *Id.* ¶ 9. Neither HSR request addressed the

denial of pain medication during Mr. Rosa's three days in the RHU. *Id.* ¶ 7. HSR records

submitted by Defendants show that Mr. Rosa appealed neither HSR request. *See* Def. Ex. F, ECF

No. 150-9.

## II.    STANDARD OF REVIEW

A motion for summary judgment may be granted only where there is no genuine dispute

as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.

Civ. P. 56(a); *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,* 875 F.3d 107, 113–14

(2d Cir. 2017). "A genuine issue of material fact exists if 'the evidence is such that a reasonable

jury could return a verdict for the nonmoving party.'" *Nick's Garage*, 875 F.3d at 113–14

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Which facts are material is

determined by the substantive law. *Anderson*, 477 U.S. at 248. "The same standard applies

whether summary judgment is granted on the merits or on an affirmative defense[.]" *Giordano v.*

*Market Am., Inc.*, 599 F.3d 87, 93 (2d Cir. 2010).

The moving party bears the initial burden of informing the Court of the basis for its

motion and identifying the admissible evidence it believes demonstrates the absence of a genuine

issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party

meets this burden, the nonmoving party must set forth specific facts showing that there is a

genuine issue for trial. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). The non-moving

party cannot "rely on conclusory allegations or unsubstantiated speculation" but "must come

forward with specific evidence demonstrating the existence of a genuine dispute of material

fact." *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 44 (2d Cir. 2015) (quotation marks and

citation omitted). To defeat a motion for summary judgment, the nonmoving party must present

such evidence as would allow a jury to find in his favor. *Graham v. Long Island R.R.*, 230 F.3d

34, 38 (2d Cir. 2000).

The Court resolves all ambiguities and draws all permissible factual inferences in favor

of the non-moving party. *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 141 (2d

Cir. 2012). However, although the Court is required to read a self-represented "party's papers

liberally and interpret them to raise the strongest arguments that they suggest," *Willey v.

Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015), "unsupported allegations do not create a material

issue of fact" and do not overcome a properly supported motion for summary judgment.

*Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

## III.    DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires a prisoner pursuing a federal

lawsuit to exhaust available administrative remedies before a court may hear his case. *See* 42

U.S.C. § 1997e(a) (providing in pertinent part that "[n]o action shall be brought with respect to

prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any

jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted"); *see also Ross v. Blake*, 578 U.S. 632, 635 (2016); *Baez v. Kahanowicz*, 278 F.

App'x 27, 29 (2d Cir. 2008).

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life[.]"

*Porter v. Nussle*, 534 U.S. 516, 532 (2002). "Exhaustion is mandatory—unexhausted claims may

not be pursued in federal court." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011); *see also

Jones v. Bock*, 549 U.S. 199, 211 (2007). The PLRA also requires "proper exhaustion," meaning

4

that the inmate must use all steps required by the administrative review process applicable to the institution in which he is confined and do so properly. *Jones*, 549 U.S. at 218 (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)); *see also Amador*, 655 F.3d at 96 (exhaustion necessitates "using all steps that the [government] agency holds out and doing so properly").

Defendants seek summary judgment because Mr. Rosa failed to exhaust his administrative remedies before filing his § 1983 Complaint. *See* ECF No. 150 at 1.

The Court thus will address the available administrative remedies to Mr. Rosa, and review, whether on this record, he properly exhausted these available administrative remedies.

### A. The Available Administrative Remedies

"[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Bock*, 549 U.S. at 218. At the time relevant to this action, the Connecticut DOC Administrative Directive ("A.D.") 8.9 (revision of July 24, 2012) was in effect.[3]

A.D. 8.9 (entitled Administrative Remedy for Health Services) governs the

---

[3] The copy of A.D. 8.9 appended to Defendant's Motion, Def. Ex. A., ECF No. 150-4 ("A.D. 8.9"), with an effective date of July 24, 2012, is not the version of A.D. 8.9 in effect today. The current version, with an effective date of April 30, 2021, is available on the Department of Correction's website. Because the events in question occurred in July of 2019, ECF No. 150-2 ¶¶ 1–2—before the current version of A.D. 8.9 went into effect—however, the Court considers whether Mr. Rosa exhausted his administrative remedies under the 2012 version of A.D. 8.9 (attached to Defendant's Motion), instead of the 2021 version of A.D. 8.9 (available on Department of Correction's website). *See Cunningham v. Lupis*, No. 3:21CV00273(SALM), 2022 WL 2981572, at *4 n.5 (D. Conn. July 28, 2022) (evaluating whether plaintiff exhausted administrative remedies under 2012 version of A.D. 8.9 in late 2019 and early 2020 because "[p]laintiff could not have possibly complied with an administrative directive that was not in effect, or even in existence, at the time he filed the Health Services Review"). As a result, all references to "A.D. 8.9" in this Order refer to the 2012 version appended to Defendant's Motion, not to the 2021 version available on the Department of Correction's website. *See id.* (noting that "[a]ll references to A.D. 8.9 throughout this Ruling refer to the version that was in effect from July 24, 2012, through April 29, 2021").

administrative remedies for health services at Connecticut DOC facilities. It provides for two types of Health Services Reviews ("HSRs"): first, "Diagnosis and Treatment," which includes a decision not to provide treatment; and second, "Review of an Administrative Issue," which addresses concerns regarding "a practice, procedure, administrative provision or policy, or an allegation of improper conduct by a health services provider." A.D. 8.9 § 9(A)–(B). Both types of HSRs require an inmate to "seek an informal resolution prior to filing [the HSR request]." *Id.* § 10. That informal resolution attempt must occur either "face to face with the appropriate staff member or with a supervisor via written request utilizing CN 9601 Inmate Request Form." *Id.* If an inmate pursues the written option, a DOC official must respond within 15 calendar days. *Id.*

An inmate dissatisfied with a diagnosis or treatment may file an HSR request "if the informal resolution via inmate request was unsuccessful." *Id.* § 11. The inmate must check the "Diagnosis/Treatment" box on the form (CN 9602), concisely explain the cause of dissatisfaction, and deposit the form in the HSR review box. *Id.* Upon receipt of a CN 9602, the HSR Coordinator shall schedule a HSR Appointment with the appropriate health care provider. *Id.* § 11(A). "If the physician decides that the existing diagnosis or treatment is appropriate, the inmate shall have exhausted the health services review." *Id.* "The physician shall notify the inmate of the decision, in writing, within ten business days by indicating 'No Further Action' in the disposition field of CN 9602, Inmate Administrative Remedy Form." *Id.* "If the physician decides that a different diagnosis or treatment is warranted, he/she may either (1) act on his/her decision; or, (2) refer the case to the Utilization Review Committee for authorization by indicating 'Change of Treatment' or 'Referred to URC' as appropriate[.]" *Id.* § 11(B).

An inmate may request review of an Administrative Issue by checking the box marked "All Other Health Care Issues" on the HSR form (CN 9602). *Id.* § 12. The inmate must then provide a concise statement of what the inmate believes to be wrong and how the inmate has been affected, and the inmate must deposit the form in the Health Services box. *Id.* § 12. This request for review shall be evaluated by a HSR Coordinator within thirty days. *Id.* § 12(A). If the inmate is dissatisfied with the response, the inmate may appeal the decision within ten business days. *Id.* § 12(B). The designated facility health services director or designee must decide the appeal and issue a response within fifteen days. *Id.* § 12(C). For all issues relating to compliance with existing standards, this review is final, and the inmate shall have exhausted the requisite HSR process. *Id.* If the matter "relates to a health service policy of the Department, the inmate may appeal to the DOC Director of Health Services" within ten business days from the receipt of the response. *Id.* § 12(D). The Director has thirty days to respond. *Id.* § 12(E). Upon receipt of this decision, the inmate shall have exhausted the HSR process for an Administrative Issue. *Id.*

## B. Mr. Rosa's Use of the Available Administrative Remedies

"[T]he Second Circuit has compared the PLRA exhaustion requirement to 'the rules of notice pleading,' such that an inmate's grievance 'must contain allegations sufficient to alert the defendants to the nature of the claim and to allow them to defend against it.'" *Waters v. Blumberg*, No. 3:19-CV-812 (CSH), 2020 WL 3451853, at *11 (D. Conn. June 24, 2020) (quoting *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004) (citation and internal quotation marks omitted)). Courts in this district, including this Court, have "granted summary judgment for defendants on the basis that plaintiffs have not exhausted administrative remedies, where the plaintiffs have failed in their prison grievances to provide the defendants with sufficient notice of

the nature of their claims." *Id.* (citing *Urbanski v. Dep't of Correction*, No. 18 Civ. 1323 (VLB), 2019 WL 6683047, at *4–10 (D. Conn. Dec. 5, 2019) (granting defendants' motion for summary judgment, in part, because the conditions complained of in the plaintiff's grievances were not "logically related" to the allegations at issue in the lawsuit and therefore provided insufficient notice to the defendants; none of the plaintiff's health service reviews or inmate requests discussed a DOC physician's discontinuation of any care in response to injuries that were traceable to a particular van accident; the grievances only contended that the physician was not treating back pain caused by a pre-existing condition); *Simmons v. Sheckler*, No. 16 Civ. 1224 (JCH), 2018 WL 3596748, at *3 (D. Conn. July 26, 2018) (granting the defendant's motion for summary judgment, in part, because the two grievances that the plaintiff *had* filed could not provide the plaintiff with a basis for exhaustion because "neither of the[ ] two grievances concerned [the plaintiff's] ... claims against [the defendant]"); *Chambers v. Johnpierre*, No. 14 Civ. 1802 (VAB), 2016 WL 5745083, at *7 (D. Conn. Sept. 30, 2016) (granting the defendants' motion for summary judgment on the ground that the plaintiff failed to properly and fully exhaust his available administrative remedies because the plaintiff had not "provided sufficient evidence to suggest that he filed initial grievances about the claims at issue in this complaint")).

The undisputed facts show that Mr. Rosa filed two HSR requests in the three months following his July 2019 confinement in the RHU. ECF No. 150-2 ¶ 6. His first HSR request was dated August 21, 2019. *Id.* ¶ 8. His second HSR request was dated September 11, 2019. *Id.* ¶ 9. Both HSR requests are appended to Defendants' Motion. *See* Def. Exs. B–C, ECF No. 150-5–6.

    The first HSR request, which concerned DOC's purported failure to follow a UConn doctor's August 16, 2019, prescriptions, was "Returned without Disposition" because it

addressed multiple issues in a single HSR request. *See* ECF No. 150-5 at 2–3. The second HSR

request, which also addressed multiple issues, was "Returned without Disposition" as a "[r]epeat

grievance." *See* ECF No. 150-6 at 2. Both HSR requests mentioned the subject of pain relief, *see*

ECF No. at 150-5 at 2 (first grievance requesting "pain & inflammatory meds" prescribed by the

UConn doctor); ECF No. 150-6 at 2 (second grievance requesting "pain and inflammatory

medication(s)"), but neither HSR request mentions prison officials' denial of prescribed pain

relief while Mr. Rosa was in the RHU in July of 2019. ECF No. 150-2 ¶ 7. As a result, these

HSR requests did not sufficiently place prison officials on notice of Mr. Rosa's claim.

As in *Urbanski*, *Simmons*, and *Chambers*, Mr. Rosa's mention of "pain & inflammatory

meds," ECF No. 150-5 at 2, and "pain and inflammatory medication(s)," ECF No. 150-6 at 2 is

not connected to Mr. Rosa's three-day stay in the RHU, such that the allegations in the HSR

requests were "sufficient to alert the defendants to the nature of the claim and to allow them to

defend against it." *Johnson*, 380 F.3d at 697.

"The claim" here is that prison officials denied pain medication to Mr. Rosa while in the

RHU. *See* ECF No. 150-2 ¶ 5. His complaints to officials about a lack of pain and inflammatory

medication in general did not suffice to put prison officials on notice about denial of medication

during a specific time period in the RHU. *See*, *e.g.*, *Urbanski*, *supra*, at *9 (concluding plaintiff

did exhaust administrative remedies because "[n]one of Plaintiff's health care reviews allege that

[doctor-defendant] denied him pain medication as it relates to injuries sustained during the

December 22, 2017 accident"). As a result, Mr. Rosa did not properly exhaust his administrative

remedies by filing these two HSR requests.

Even if he had, Mr. Rosa did not properly exhaust his administrative remedies for two other reasons: (1) Mr. Rosa's HSRs were both rejected, and (2) he failed to cure the rejections or appeal. The Supreme Court has held that "the exhaustion requirement of the PLRA cannot be satisfied by an 'untimely or otherwise procedurally defective administrative grievance or appeal[.]'" *Day v. Chaplin*, 354 F. App'x 472, 474 (2d Cir. 2009) (quoting *Woodford*, 548 U.S. at 83–84). Mr. Rosa's first HSR request was rejected because he complained of multiple issues in a single grievance, *see* ECF No. 150-5 at 3; ECF No. 150-9. Mr. Rosa's second HSR request was rejected as being duplicative of the first. *See* ECF No. 150-6 at 2; ECF No. 150-9. These procedurally defective grievances do not satisfy the PLRA's exhaustion requirement. *See, e.g.*, *Ben-Israel v. Diaz*, No. 3:18CV01723 (VLB), 2019 WL 4738858, at *4 (D. Conn. Sept. 27, 2019) ("A grievance that is denied or rejected may be appealed to the next level . . . . Thus, under the directive, plaintiff was able to appeal the rejection to Level 2 and was required to do so to complete the exhaustion process. Plaintiff failed to fully exhaust his administrative remedies before commencing this action." (citations omitted)).

But, even if Mr. Rosa's HSR requests were "sufficient to alert the defendants to the nature of the claim and to allow them to defend against it," *Johnson*, 380 F.3d at 697, and even if DOC improperly rejected them, one indisputable fact remains: Mr. Rosa did not appeal his rejected HSR requests. "Proper exhaustion" under the PLRA "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Day*, 354 F. App'x at 474 (emphasis original) (quoting *Woodford*, 548 U.S. at 83–84). "Using all steps the agency holds out" requires an inmate to appeal. *See, e.g. Urbanski, supra*, at *6 (noting that "[t]o properly exhaust a § 1983 claim in Connecticut, a prisoner must comply with *all* steps

10

set forth in Directive 9.6, including deadlines and utilization of each step of the administrative

appeal process." (quotation omitted) (emphasis original)).

A plaintiff who files a Level 1 grievance will not be found to have exhausted his

remedies if "he had not pursued the available remedy of filing a 'level two grievance[.]'"

*Sanders v. Viseau*, No. 3:20CV00250(SALM), 2021 WL 6197314, at *4 (D. Conn. Dec. 30,

2021) (quoting *Gibson v. Goord*, 280 F.3d 221, 223 (2d Cir. 2002); *Morales v. Dzurenda*, No.

3:07CV01220(CFD), 2009 WL 8695525, at *4 (D. Conn. Sept. 8, 2009), *aff'd*, 383 F. App'x 28

(2d Cir. 2010) ("Morales did not comply with the requirements of Administrative Directive 9.6

for filing a Level 2 Grievance in order to appeal the denial of the Level 1 Grievance. Thus, he

did not properly exhaust his administrative remedies."). The uncontested HSR records provided

by Defendants indisputably show that Mr. Rosa took no appeals from his rejected HSR requests.

*See* ECF No. 150-9. Mr. Rosa thus failed to exhaust administrative remedies. *See*, *e.g.*,

*Rodriguez v. Machinski*, No. 3:23-CV-306 (VAB), 2024 WL 4871642, at *7 (D. Conn. Nov. 22,

2024) (concluding plaintiff did not exhaust administrative remedies because her HSR was

procedurally deficient and she filed an untimely appeal).

"In this Circuit, failure to exhaust administrative remedies is considered an affirmative

defense that must be pleaded and proved by the defendants." *Sadler v. Rowland*, No.

3:01CV1786(CFD)(WIG), 2004 WL 2061518, at *7 (D. Conn. Sept. 13, 2004) (citations

omitted). "Once the defendants establish that administrative remedies were not exhausted before

the inmate commenced the action," as here, "the plaintiff must establish that administrative

remedy procedures were not available to him under *Ross*, or present evidence showing that he

did exhaust his administrative remedies." *Sheppard v. Roberts*, No. 3:20-CV-895 (VAB), 2022

11

WL 1129326, at *7 (D. Conn. Apr. 15, 2022). Because Mr. Rosa has provided no evidence

showing he exhausted his administrative remedies, he must therefore show that the

administrative remedy procedures were not available to him under *Ross*.

The *Ross* Court identified three circumstances in which a court could find that

administrative remedies were not available to prisoners under the PLRA. *Ross*, 578 U.S. at 643–

44. First, "an administrative procedure is unavailable when (despite what regulations or guidance

materials may promise) it operates as a simple dead end—with officers unable or consistently

unwilling to provide any relief to aggrieved inmates." *Id.* at 643. "Next, an administrative

remedy scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.*

Finally, an administrative remedy is not "available" when "prison administrators thwart inmates

from taking advantage of a grievance process through machination, misrepresentation, or

intimidation." *Id.* at 644. The Second Circuit has noted that "the three circumstances discussed in

*Ross* do not appear to be exhaustive[.]" *Williams v. Priatno*, 829 F.3d 118, 123 n.2 (2d Cir.

2016). "In considering the issue of availability, however, the court is guided by these

illustrations." *Perez v. Barone*, No. 3:20-CV-1261 (MPS), 2021 WL 2206569, at *3 (D. Conn.

June 1, 2021).

Mr. Rosa bears the burden of proving that exhaustion was unavailable to him under *Ross*.

*See Sheppard*, 2022 WL 1129326, at *7. Mr. Rosa has presented no evidence of this in response

to the Defendants' Motion, and the Court finds no evidence of this in the record. "Courts in this

district and Circuit have routinely found that an inmate's ability to file grievances during the

time period alleged to be 'unavailable' precludes a finding of 'unavailability' under *Ross*."

*Lusmat v. Papoosha*, No. 3:20-CV-1386(RMS), 2023 WL 4236012, at *8 (D. Conn. June 28,

2023) (collecting cases). Because Mr. Rosa filed two HSR requests in the months after he was released from the RHU, *see* ECF No. 150-9, he has not shown that "an administrative procedure [wa]s unavailable" to him under *Ross*. *See*, *e.g.*, *Gamble v. Garcia*, No. 3:20-CV-1273 (KAD), 2021 WL 3773305, at *7 (D. Conn. Aug. 25, 2021) (granting summary judgment on failure to exhaust and relying, in part, on "the fact that [the plaintiff] did file grievances during this period shows that the grievance process was available to him").

Nor has Mr. Rosa shown that "an administrative remedy scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* The Second Circuit has recognized Connecticut DOC Administrative Directives as "rigorous in some respects," but "not so opaque as to be unavailable[.]" *Riles v. Buchanan*, 656 F. App'x 577, 581 (2d Cir. 2016) (relying, in part, on its analysis in *Williams*, 829 F.3d at 124). Indeed, the administrative remedy scheme was clear enough for Mr. Rosa to file two HSRs in the months following his release from the RHU. *See* ECF No. 150-9.

Finally, Mr. Rosa presented no evidence that "prison administrators thwart[ed] [him] from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 578 U.S. at 644. Thus, the Court concludes that Mr. Rosa has failed to meet his burden of showing administrative remedies were unavailable to him under *Ross*.

Accordingly, because Mr. Rosa has failed to provide any evidence that he exhausted his administrative remedies, or show that administrative remedies were unavailable to him, summary judgment must be granted.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment, ECF No. 150, is

**GRANTED.**

The Clerk of Court is respectfully directed to enter judgment for the Defendants, and to close this case. All other pending motions in this case are thus denied as moot.

SO ORDERED.

Dated this 23rd day of May 2025 at New Haven, Connecticut.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge